and Diaz v. Bennett, case number 22-1678. Be in the same height. We also have tall personalities. That's great. People of a reasonable height. Hold on a second. This looks like a law school class behind us, behind you. And they missed the Arisa argument. Did Your Honor want to say a word to the class before I begin? Welcome. Well, are you from which law school? Columbia Law School. Welcome. Still good morning, Your Honor. Good morning. The question in this case, the issue presented, is whether the District Court properly concluded that appellant's request for release from prison based upon the alleged unconstitutional conditions of confinement must proceed... So, you're fine. I'm sorry to stop you. Go ahead. Have at it. We're all friends here. We all know each other. This, to me, asks the question, why isn't this completely boot? So, the facility is closed, about which he initially complained. He has been transferred to another facility. And he can bring a claim, presumably, in connection with the conditions of confinement at that facility. But he has not yet. And I take it that you think at some level this is capable of repetition, but we know nothing about this new facility. So, why isn't this boot? That's the elephant in the room. There's no question, Your Honor. As Your Honor just alluded to, the standard, the exceptions to the mootness doctrine is capable of repetition or not yet evading review. This is certainly an issue that's been evading review. This Court has wanted to rule on this issue for about five years. Every single time a case gets certified to have this question presented, something comes up, so it has to be rejected, and this Court looks for another case. This is an unusual event that a correctional facility closed. That's what prompted transfer, or am I wrong about that? No, that is what occurred. Don't you have a stronger argument that the cases hold that if a transfer destroys jurisdiction, then permission for the transfer must be asked, and here it was not. And the transfer allegedly destroys jurisdiction because of mootness. So we have a situation where at least two circuits, the CISC circuit in Chen and the ABC circuit in Hardane, have held that that would not destroy jurisdiction. Now, assuming we have jurisdiction, then the question of habeas versus 1983 comes up, and by the way, I'm very strong on the difference, and I would decide that your way, but if we get to that point, don't we then have a right to look at the merits and say these merits ain't there at all, and so affirm on a perfectly sensible ground that there are no merits, but having clarified an issue that needs clarity, having decided that it isn't moot. Your Honor, I think that is certainly one way that it could be handled. There's no question about that. Obviously the District Court never had the opportunity to decide on the merits because it decided to rule on the jurisdictional basis, but certainly that would be one way to resolve it, and that would actually be a way that would be helpful even for this defendant, because then when filing a similar petition against his new facility, Sing Sing, he would have the guidance of knowing okay, don't make the same mistake, or do make the same mistake. Correct, Your Honor. What condition of confinement claim could not be brought as a habeas if any, so long as the relief sought is released? A condition that could not be, that could be changed. So yeah, now a condition, I'm trying to think if there was a case on this, that would be the government's case, or I should say the state's case, where what was being complained about, this was the Second Circuit's case in Fielding, where what they were complaining about was that the defendant had been particularly liable to sexual assaults based upon his type of conviction. And in that case, the court ruled, well, wait a second, we can in fact, there are conditions that can be changed so that that problem can be prevented. And because that problem can be prevented, it should be decided not under habeas but under a 1983 claim, which would make sense because a 1983 claim is generally due for... And is there anything in your client's petition that would suggest that all DOCS facilities constitute the problem or might a transfer to another institution as alleged solve the problem in the way that it wasn't plausibly alleged in Fielding? Yes, Your Honor. I mean, this is a different case, obviously, than Fielding. And of course, this is also a pro se defendant, so we have to take all inferences in the light most favorable to him. One thing that he alleges specifically is that he could not be confined, his quarters have to be so closely confined that under no condition could he be protected from COVID-19. Yeah, let me just go back to this. If a transfer would meet his requirements without having him be released, then 1983 would be the appropriate ground. If a transfer would not, then under Heckley-Humphrey, it has to be habeas. Do you concede that? I agree with that, Your Honor. That's exactly the point. But the claim here is that the transfer would not do that and therefore habeas has to lie. That's correct, because the claim here is that, due to the uniqueness of this particular mental health issue that was being raised, that there is no condition of confinement that could protect him. And that's an issue of the merits, which we may or may not decide, but it does not change the jurisdictional issue. That is correct, Your Honor. I guess my question is about the specifics of this petition and recognizing it was pro se and we should be solicitous and inferences in favor. What would we look to? There is a way in which the mootness and the cognizability under habeas question feels like they start to fold on each other, but what would we look in thinking about fielding? What would we look to in the petition to see a contention that isn't facility specific such that the allegations maybe don't plausibly make a claim under habeas in the way that fielding did it because it could be cured by a transfer? All prison facilities, Your Honor, require close-quartered confinement of the inmates. There is no facility that would have him allow him to be properly away from any other inmate. Even Florence ADX, which is the most secure facility in the country, has had a problem with COVID going from one inmate to another. So you say if the alternative were to move him to home confinement but not release where that would not be so, then 1983 would lie. But that was not suggested as a possibility. Nor requested, Your Honor, since he's requesting immediate release. You're seeking release with no parole supervision. What, I'm sorry? You're seeking release with no kind of home confinement or other supervision, I presume. That is what he's requested, yes. Although I think supervised release might not make a difference to the conclusion. I didn't understand the supervised. You're not battling supervised release. It's parole. Parole, yes, Your Honor. But there's no, I don't know whether or not he'd have to check in with a parole officer on a routine basis would have any impact on the rest of the question before you. Just to play out the line a little bit, if the relief he's seeking, you're saying he could get the relief he's seeking by being released but with supervision terms? Under habeas, yes. Correct. And if he violates those terms, what happens? That would be for a district court to decide. And then what happens, I mean, what are the options for the district court? The district court could violate his parole and send him back to jail. Back to jail, which is unconstitutional to hold him there. It could also order that he be held in home confinement or house arrest as it's known in the federal system. So there are options. And if he leaves home confinement, same question, I suppose. There's a lot of ifs on that. Can I ask a little bit of a presider's indulgence? The question of cognizability under habeas versus 1983, is that a jurisdictional question? It's our position that it is, yes. It is. So we have two jurisdictional questions we potentially need to answer, mootness and cognizability. Yes. Do you have a view as to whether we have to sequence those in either way? I think the answer is no under Seneca, but tell me. And if we should sequence them in either way. I don't take a position on whether or not they, in which position that they're addressed in. I do absolutely think that the correct jurisdictional answer is that when you're seeking immediate release, habeas is the only avenue that could be sought. But I want to know whether there is any reason really on the facts of this case why if we decide that there was a jurisdictional error, we can't look at the merits. Now you know in most cases we turn it over to a district court. But what the claims are now, which are being said make things moot. And my problem is that mootness doesn't apply if you're making a claim on the merits. But are the merits so clearly not there that it is perfectly appropriate for us to make all the jurisdictional decisions and then still rule against you on the merits without sending it back to the district court. Because there ain't nothing to this case. Your Honor, I think there was an attorney earlier today that had a line that I thought was particularly appropriate maybe here. This court has the leeway to shine the diamonds that's pulled from the ground. I would stand by that position as well. We reserve decision in that case. I want to hear from Mr. Feinberg. Hello, Mr. Feinberg. It's been a while since I've seen you. Likewise, Mr. Feinberg. Ira Feinberg, Deputy Solicitor General for the Respondent. Thank you for welcoming me. I'd like to address the mootness question first because I think, Judge Calabresi, I don't agree with you about this transfer issue somehow making the case not moot. The facility has been closed and all of his allegations in his complaint are about how the inadequate treatment at the Sullivan Correctional Facility where it used to be. Is there a way of reading his complaint? I did not, but is there a way of reading his complaint to suggest that this goes well beyond the Sullivan Correctional Facility? You could read it that way and certainly I suspect if he had been incarcerated at a different facility, you probably would have seen a very similar complaint. But nevertheless, his allegations talk about how the people at the Sullivan Correctional Facility were not complying with CDC guidelines and they weren't providing adequate masks and personal protective equipment. Just in terms of how we treat pro se's, isn't it better to assume what is really there? But he's saying in this current situation with COVID being in jail is unconstitutional and it doesn't matter if I'm in Jail 1 or in Jail 2 it is unconstitutional and therefore I have an argument and I should be released and therefore this argument should be unhabeas and then at that point we look to the validity of the argument and if you win on that what objection do you have? Why does it matter to you? Why do you want us to do something which may get us into trouble with other circuits, which may make things difficult for other people who are transferred when in fact they may have an argument rather than dealing with something which is both simple and allows us to make clear what the courts get fouled up all the time, the difference between habeas and 1983. But Your Honor it is well settled under this court's precedent and around the country that when a prisoner who seeks only prospective relief is transferred to a different facility that that case is moot and that's true under 1983 and it's true under 2254. This court specifically held that in a habeas case Thompson versus Chomsky. That is so if the difference between the facilities make a difference to a person's claim. Well we don't know anything about how other facilities might have handled him differently maybe because of his claims. I mean he claims he's medically vulnerable because he was obese and had high blood pressure. Maybe they would put him in a hospital ward instead of putting him in general population. We don't know how anybody else would have handled it. But as much as the court might like to reach the merits and resolve this issue, the bottom line is that I think it's well settled under the circumstances that a case is moot and the court really can't avoid that conclusion. And the rule that you were citing about not being able to transfer the prisoners in order to defeat jurisdiction really doesn't apply here. I don't think that rule has ever been applied to a situation where a prison facility was closed for budgetary reasons like this one was. So I really think that the court I mean I'd like to reach the merits frankly as well. The merits are more interesting than the mootness question. But I think the court really is stuck with saying look this case is moot. And the idea, Mr. Bacharach really hasn't questioned that the case would otherwise be moot except for the exception for cases that are capable of repetition. Which suggests that there's a general mootness issue there. So what about the exception? The exception has two requirements. The challenged action has to be too short in duration to permit it to be fully litigated. And there has to be a reasonable expectation that the same party will be subject to the same action again. And neither one is true here. This case has been pending for four and a half years. More than four and a half years. There's no reason why this case couldn't have been resolved on the merits. We made a mootness motion back in the fall that the court denied and we accept that result. The court was apparently fully ready to resolve the merits of this issue until out of nowhere the prison facility got closed and effectively mooted the case. So there's no reason why this case but for that fact couldn't have been resolved here and why this circumstance is one that is capable. So he could raise the claim in obviously assuming all bells and whistles that there's a good faith basis but he could raise the claim either with counsel or pro se as to his current facility. He is now at Sing Sing. He could raise a claim at Sing Sing. But the claim would have to be based on what conditions are now. Not on what conditions were in 2020. And frankly I think the claim at this point would be frivolous. Now you're going to the merits. Conditions are you're going to the merits. Let me ask you a slightly different question. If we have two jurisdictional issues and one of them is complicated. The mootness one. You say it isn't but let me say I think it is. And which one gets us in trouble with the other circuits? I wasn't clear on that one. I don't think either one gets you in trouble with the other circuits but go ahead. And the other one is a jurisdictional issue between habeas and 1983 which is a jurisdictional issue. And is quite clear and clearly decided wrongly. Do we have a choice on which jurisdictional issue we can do? Even though generally mootness comes first. Can I take issue with the idea that whether it's properly considered a habeas petition or a 1983 is jurisdictional? I think the issue is does this complaint state a claim under the statute that's cited? And I don't think that's a jurisdictional issue. Which is not a jurisdictional issue. Extraterritoriality is not a jurisdictional issue. It's about the statute. To me this issue is whether the complaint states a cause of action which is an issue on the merits. The D.C. Circuit has said that the question of whether it's cognizable under habeas as opposed to 1983 is a subject matter jurisdiction question. I was not aware of that. We haven't said directly no. But it's plausible to view it that way. I mean, you know, you can view anything as jurisdictional and probably shouldn't view anything as jurisdictional. Why don't I turn to the merits if I might? If the court wants to reach the merits, that would be great. There are four points that I'd like to make as to why the decision of the district court here saying that this cannot be brought as a habeas position and can only be brought as a 1983 action is the correct result. First, this court's decision in fielding which makes clear that a claim that was complaining about medical conditions at the facility and saying he couldn't be hospitalized, he couldn't be incarcerated because he couldn't get the psychiatric care that he needed in prison does not present a 1983, excuse me, does present a 1983 action, does not present a habeas cause of action. And so I think the result here, the only result in this case consistent with that separate precedent is to affirm the decision of the district court. Secondly, the Supreme Court's language, even though they've left this issue open on several occasions, the Supreme Court's language for example most recently in the Nance case, they described the case where a prisoner was challenging the quality of the medical care that he could get and the crowding conditions in the hospital which fundamentally are what are at issue here as the classic case that has to be brought under 1983. But that's where the claim generally is that these can be improved. But in this case, what makes this case odd is the specific claim that they cannot be improved. That's the difference. Of course, if you're talking about medical conditions and say they can be improved, that's a classic 1983. But if you say the only way out of this given my condition is to be released, then that's a classic habeas. Then we can look and say, but that's absurd in this case and decide against the merits, but the claim is this can only be done out of prison and that's a classic habeas. But I think as Judge Nation's question to my friend Mr. Bacharach earlier, that claim that I need to be released because the conditions are so bad or so dangerous to my health or whatever could be made in any case. And you could convert a... Well, and if it is made in another case, then you look at it as habeas. And if it is as absurd as it would be in most of those cases, the case gets kicked out quickly, which is probably the proper way of doing it. But to continue the points I was going to make, Congress, at the same time we passed the Anti-Terrorism and Effective Death Penalty Act, Congress in 1996 passed the Prison Litigation Reform Act, which imposed very severe restrictions on prisoner lawsuits that were seeking release from prison. And to allow someone to evade that restriction, those restrictions that imposed... And can you still get release under 1983? Yes. And so can you get release under 1983 if you come in with a 1983 petition that says I'm entitled to be released because the conditions are detrimental to my health? Can't be managed in a way that will afford me constitutional protection? PLRA imposed substantial... But why isn't that a direct violation of Heck v. Humphrey? I don't see that Heck v. Humphrey is involved here, because Heck v. Humphrey relates the situations where the prisoner's claim in one way or another would invalidate his conviction. That's not the issue here at all. That's not the argument here. But the argument, it seems to me, the question is under 1983 can relief in the form of release, is that available under 1983? Or is 2254 the only avenue? In other words, if there is no... If you were to concede that the facilities cannot constitutionally provide constitutional conditions, constitutionally valid conditions, then what would the relief be? It would have to be release under 1983. And under the PLRA, a release of prisoners order is authorized, but there are very substantial... Can you find me a single case of anybody who has been released from prison under 1983? For COVID-related reasons? For any reason. That's Plata, right? That's Plata v. Brown. Right. In the Plata case, the Supreme Court upheld an order made by a three-judge court that ordered a substantial release of prisoners from California's prison system. There are also cases... So I guess the question is, so that's an overcrowding situation? Yes. And is there something that would make it so that you could get sort of non-specific to an individual release, but based on overcrowding that couldn't be under 1983, expeditiously, if there is another pandemic that threatens to kill people based on the conditions, uncurable conditions in prison? There are several district courts that have held that the restrictions of the PLRA that specifically relate to prisoner release orders, including a three-judge court, don't necessarily apply when there's an individual who's seeking release or a smaller number of prisoners seeking release on emergency grounds. And they have provided that relief. In the district court, and after the Supreme Court upheld the California order in the Plata case, the district court was faced with a situation where there were something called valley fever that was affecting several prisons, two prisons in Southern California. And the court held that it did have the authority as a single-judge district court to grant a release order there. I think it was actually a transfer to another prison order there. And there was a decision in Detroit. The first case that I was talking about, Plata v. Brown, is 427 F. Supp. 3, 1211. That's on remand after? That's following the Supreme Court? That's by a single-district judge in California after the Supreme Court decision. By one of the district judges that was involved in the three-judge court order that ultimately went up to the Supreme Court. Would you do me a favor before I ... It's very nice to see you, but we've kept you well past your time. Would you do me a favor? And I'm going to give each side a few days to respond to this question of whether or not the habeas versus 1983 issue is a jurisdictional issue akin to the mootness issue. And a five-page brief because I think that there may be different views, understanding that D.C. Serbian may have a different view. Can I include one additional? Of course. I think the answer is clear, but if you want to express a view on if it is jurisdictional, whether as between whether we need to sequence in any particular ... Oh, sure. Whether we need to sequence mootness and this, or whether we can choose which jurisdictional issue. Or can we do both? I'm not sure I have a choice in the matter, but I'm happy to provide that. Before I sit down, one last point. A question earlier about what order is going to get the court in trouble with other circuits. At the end of our brief, we went through at least six or seven other circuits have faced this precise issue in the context of COVID and held that habeas is not the right remedy. We would be the first under 2254. You would be the first. You would be creating a conflict. Okay. Thank you. I'll try to hit some bullet points quickly that were addressed. First of all, on the question of the PLRA, the PLRA expressly exempts habeas petitions, saying specifically so that there is another avenue that's not supposed to impact it. That's why Heck explains when there is an overlap between the two proceedings, habeas is the correct answer. Also, additionally, with respect to the PLRA, even the release proceedings that are there, it's a very cumbersome and extensive proceeding in comparison to a habeas proceeding. Even if you get to the release provision, it's not immediate release, which is what is possible under the habeas petition. Additionally, there's a slight overlap between Rule 23A and the capable rare petition yet evading review standard that came into play in this case. This case had been decided in time so that it wouldn't have been moot. I mean, sorry, this case had been filed in time so that it wouldn't have been moot. Opening brief was filed. Had the state responded on the merits at that time, instead of moving to dismiss, this case would have been briefed in time, in all likelihood, before he was dismissed. That's a tough argument. No, well, it goes to fairness. That's really what that position goes to. This is sometimes significantly unfair. If you're right that it's cognizable if what you're seeking is release, I guess I don't understand why any prisoner could bring an argument related to the conditions of confinement and assert that they need to be released, the prison can't meet those, and it's either denied or granted, but it would come up on appeal should there be appetite for a circuit to want to decide this question. I mean, it seems to me the reason it hasn't been decided is because it's really hard and not because of transfers or things like that, but I just don't know that that counts as evading review. Well, I think the other cases that were certified were all withdrawn for procedural grounds, so failure to exhaust all the state remedies, which is particularly hard in a case like this, where you have such an exigency and you have to get through so many hurdles before you can get to court. You're asking for that barrier. I know. Yeah. I know, but the barrier is there under either statute to that extent. Different barriers, but yeah. Yes. Yeah, but about both tough. Right. Both tough, but knowing from the importance of this court ruling on what we view as a jurisdictional question, the importance of that is so that this defendant and any future defendant knows from the beginning which statute is the right statute to use so that we don't go through this again, where it's five years later and we're still asking, well, it wasn't the right statute. Yeah. So thank you very much. I'll remind you each two if you would submit letter briefs by close of business next Friday. Is that enough time? Thank you, Your Honor. On those issues that would be terrific, and I think you'll reserve a decision, obviously, and I believe that completes today's argument calendar. I therefore ask the courtroom deputy here to adjourn.